UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | | **PLAINTIFF** |
| **vs.** | **CIVIL NO.** | **3:24-CV-230-GHD-RP** |
| **MONIES CREDITED TO TRUIST BANK CHECKING ACCOUNT ENDING 4308** | | **DEFENDANT** |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

Comes now the United States of America, Plaintiff in the above styled cause, by and through its undersigned United States Attorney for the Northern District of Mississippi, and brings this Verified Complaint for Forfeiture In Rem and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**Nature of the Action**

1. This is an action to forfeit and condemn property to the United States pursuant to 18 U.S.C. §981 for violations of 18 U.S.C. § 1028 (identity theft), 18 U.S.C. § 1343 (wire fraud), and/or 18 U.S.C. §§ 1956 and 1957 (money laundering).

**The Defendant in Rem**

2. The defendant property is specifically identified as follows:

    **Monies credited to Truist Bank Checking Account ending 4308 up to the amount of $238,668.50**

3. The defendant property has not been seized and is currently in the possession of Truist Bank. The United States will request that a Warrant of Arrest in rem issue to allow the United States to seize and retain possession of the defendant property.

1

## Jurisdiction and Venue

4. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 18 U.S.C. §981.

5. This Court has in rem jurisdiction over the defendant property under 28 U.S.C. 1355(b)(1)(A).

6. Venue is proper in this district because the defendant property is located within this district and/or because the acts or omissions giving rise to the forfeiture occurred in this district.

## Basis for Forfeiture

7. The defendant property is subject to forfeiture pursuant to pursuant to 18 U.S.C. §981 because it constitutes personal property that represents or is traceable to the gross receipts obtained, directly or indirectly, from violations of 18 U.S.C. § 1028 (identity theft) and/or 18 U.S.C. § 1343 (wire fraud). Additionally, or in the alternative, the property constitutes property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957 (money laundering).

## Facts

8. The Oxford, Mississippi School District ("OSD") maintains a general contracting contract with ICM Construction ("ICM"). OSD also routinely conducts business with Whitney Anderson Building Group, LLC ("Whitney"), an entity falling under the business structure of ICM. The contract provides for OSD to make payments for work performed by ICM to Whitney.

9. On or about May 13, 2024, OSD received an email, purportedly from a representative of Whitney, advising OSD that Whitney recently made changes to its pay structure and bank information . As of May 13, 2024, OSD employees had been engaged in business dealings with the particular Whitney representative for approximately two months. The email OSD received advised that all future monthly payments from OSD to Whitney should be sent to Truist Bank as opposed to Guaranty Bank, where all previous payments were sent. The email requested that OSD change the banking information to utilize a Truist Bank account #1210006004308 with a routing #054001547.

10. The email raised no suspicion to OSD as the email came from someone with whom OSD was familiar. On May 21, 2024, OSD made a payment of $238,668.50 from a Cadence Bank account to Whitney utilizing the Truist Bank account information from the email. On May 24, 2024, OSD was contacted by Whitney to inquire as to why Whitney had not yet received OSD's May 2024 payment.

11. OSD advised that it made the payment per the instructions received from the Whitney representative. Whitney's President of Operations advised OSD that the email it received, thought to be from a legitimate Whitney representative, was fraudulent and that it was possible that the representative's email account was hacked. Whitney advised that it would be conducting a forensic investigation into the circumstances.

12. Cadence Bank initiated a transaction reversal claim with Truist Bank for the $238,668.50 transfer, However, the reversal claim proved unsuccessful as Truist Bank advised that funds were already moved out of the Truist account.

13. A review of financial records obtained via a state search warrant reveals that the Truist account is held in the name of a fictitious entity, AMC Metal LLC. The records also reveal additional deposits made to the Truist account that could be the result of fraudulent

activity. A total of approximately $434,523 in deposits were made to the account during May 2024 and most appear to have involved construction companies.

14. The United States alleges that the provisions of 18 U.S.C. § 984 are applicable to this proceeding as the subject property constitutes funds deposited in an account at a financial institution. As such, it is not necessary for the United States to identify funds in the Truist account as the specific funds involved in the OSD transaction. Rather, all funds that may be on deposit with Truist Bank account #1210006004308 up to the amount of $238,668.50 are subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. § 984.

15. Based on the foregoing, Plaintiff alleges that the Defendant property identified herein is subject to forfeiture pursuant to 18 U.S.C. § 981.

16. That pursuant to the provisions of 18 U.S.C. § 981(f), all right, title and interest in the defendant property vested in the United States of America upon commission of the act giving rise to forfeiture.

WHEREFORE, Premises considered, Plaintiff prays as follows:

(1) That a Warrant of Arrest in rem issue to allow the United States to seize and/or retain possession of the defendant property;

(2) That notice issue according to the normal procedure of this Court and in accordance with 18 U.S.C § 983(a)(4)(A);

(3) That judgment of forfeiture be decreed against the defendant property;

(4) That upon judgment of forfeiture, the United States be permitted to dispose of the defendant property in accordance with law;

(5) For costs and for such other further relief to which Plaintiff may be justly entitled

        Respectfully submitted

        CLAY JOYNER
        United States Attorney

By:  SAMUEL D. WRIGHT
        Assistant United States Attorney
        Mississippi Bar No. 101425
        900 Jefferson Avenue
        Oxford, Mississippi 38655-3608
        Telephone: (662) 234-3351
        Fax: (662) 234-3318
        Samuel.Wright@usdoj.gov

**VERIFICATION**

I, Samuel D. Wright, hereby verify and declare under penalty of perjury that I am an Assistant United States Attorney, and that I have read the foregoing *Verified Complaint For Forfeiture In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as an Assistant United States Attorney.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct. Dated: August 6, 2024

/s/ SAMUEL D. WRIGHT
Assistant United States Attorney